IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREDERICK WEICHEL, ) | Case No. 20-CV-11456-IT |
| ) | |
| Plaintiff, ) | Hon. Indira Talwani, District Judge |
| ) | |
| v. ) | |
| ) | Hon. M. Page Kelley, |
| TOWN OF BRAINTREE, *et al.*, ) | Magistrate Judge |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

### DECLARATION

The City of Boston ("COB"), by its designated agent as defined under Federal Rule of Civil Procedure 30(b)(6), declares under the pains and penalties of perjury as follows:

1. At all relevant times, the COB was a municipal corporation under the laws of the Commonwealth of Massachusetts.

2. The City of Boston is self-insured at all relevant times.

3. Pursuant to M.G.L.c. 258 §9 the COB may indemnify "employees from personal financial loss and expenses, including legal fees and costs, if any, in an amount not to exceed one million dollars arising out of any claim, action, award, compromise, settlement or judgment by reason of an intentional tort, or by reason of any act or omission which constitutes a violation of the civil rights of any person under any federal or state law; if such employee or official at the time of such intentional tort or such act or omission was acting within the scope of his official duties or employment." St.1978, c. 512, § 15.

4. Since 2018 to present, the City has paid twenty-three judgments/settlements arising from law suits or claims stemming from allegations of civil rights violations including excessive force, false arrest and wrongful conviction by the Boston Police Department or Boston Police Department employees. These judgments/settlements are identified in attached Exhibit A (spreadsheet of settlements/judgments).

5. In addition to the above judgments/settlements from 2018 to 2023, the City of Boston agreed to provide legal representation for other officers related to law suits or claims stemming from allegations of civil rights violations including excessive force, false arrest and wrongful conviction by the Boston Police Department or Boston Police Department employees.

6. Since 2018 to present, there has been one matter in which the City of Boston has declined to represent and indemnify a Boston Police Officer for alleged on-duty misconduct. *See Cozza v. City of Boston et. al.*, 1:21-cv-11953-WGY. In this matter, the City represented and indemnified Officer John Hollerbach but declined to represent and indemnify former Officer Kevin Smith. There are no other times during this time frame that the City of Boston declined to represent and/or indemnify an officer beyond this. The basis for the decision not to represent and/or indemnify Mr. Smith is stated in attached Exhibit B.

7. The City of Boston states that requests for representation and indemnification are assessed on a case-by-case basis. There are no written policies or criteria by which the City of Boston Corporation Counsel adheres when determining whether to represent and/or indemnify a City employee, including a law enforcement officer for claims related to the scope of that officer's employment.

I declare under penalty of perjury that the foregoing is true and correct.

November 11, 2023.

        /s/ James Megee

        _____

        James Megee
        Assistant Corporation Counsel

# EXHIBIT A

| To: | | | | | |
|---|---|---|---|---|---|
| From: | | City of Boston's Office of the Corporation Counsel | | | |
| Law Dept. Matter Number: | | 09-2301 | | | |
| Subject: | | Allegations of Civil Rights Violations, including Excessive Force, false arrest, wrongful conviction by the Boston Police Department Ending in Settlement | | | |

| Plaintiff(s) v. Defendant(s) | Docket Number | Venue of Filing | Plaintiff's Attorney | Date of Settlement | Amount of Settlement |
|---|---|---|---|---|---|
| Sheake Samuel v Luis Lopez | 16-1336-D | Suffolk Superior Court | Pro Se | 2/16/2018 | $15,000 |
| Deluca, Michael/Dawn v Robert Merner, Peter Chu, Charles Moore | 15-40094-TSH | USDC | Scott Graves | 8/14/2018 | $5,000 |
| Walker, Radcliffe v Thomas Bernier, Frank Femino, Douglas McGrath, Michael Paradis | 16-11004-FDS | USDC | Kevin Nugent | 9/25/2018 | $10,000 |
| Sharon McDonald v Richard Walker | 15-11915-JGD | USDC | Stephen Delamere | 10/30/2018 | $250,000 |
| John Hatton v John Mullan, Paul Hayward | 16-11341-DJC | USDC | Howard Friedman | 12/20/2018 | $10,000 |
| Jacob Carnelli v Adarbaad Karani | 15-00142-CR | Vermont Fed Dist Court | John Markham II | 1/30/2019 | $100,000 |
| George Savage v Karl Dugal | 17-11263-WGY | USDC | Justin Drechsler | 19-May | $15,000.00 |
| Edwin DePeiza | 14-01047 | Suffolk Superior Court | John McK Pavlos | 5/21/2020 | $70,000 |
| Claim of Frederick Clay (wrongful conviction) | | | Emma Freudenberger | 7/11/2020 | $3,100,000.00 |
| Claim of Elbert Copeland | | | George Leontire | 8/6/2020 | $1,300,000.00 |
| Herbert Davis v Paul Murphy et al | 13-11900-IT | USDC | Jeffrey Wiesner | 8/24/2020 | $420,000 |
| Jean and Verlande Regis et al v William Feeney et al | 19-10527-IT | USDC | Joshua Solomon | 12/7/2020 | $500,000 |
| George Firman v Carl Nemes Paul Robertson | 19-12158-ADB | USDC | Paul Glickman | 7/21/2021 | $75,000 |
| Geoffrey/Megan Tammaro | 19-12497-PBS | USDC | Luke Ryan | 9/16/2021 | $350,000 |
| Claim of Sean Ellis | | | Rosemary Scapicchio | Nov-21 | $16,000,000 |
| Claim of James Watson | | | John Barter | 12/17/2021 | $4,000,000.00 |
| Daychel Spruill | 22-10951-JGD | USDC | John R. Bita | 8/1/2022 | $60,000.00 |
| Claim of Robert Foxworth | | | John Barter | 9/25/2022 | $4,000,000.00 |
| Claim of Keyon Sprinkle | | | Chad Higgins | 11/23/2022 | $7,000,000.00 |
| Claim of Clarence Wiliams | | | E. Peter Parker | Apr-23 | $7,000,000.00 |
| Michael Castellucci | 21-11178-LTS | | | 4/10/2023 | $45,000.00 |
| Elmutaz Osman | 20-11356 | USDC | Eric Sommers | 4/28/2023 | $6,000.00 |
| Kristi Cozza | 21-11953-WGY | USDC | Howard Kahalas | 8/30/2023 | $30,000 |

EXHIBIT A





City of Boston
Law

October 17, 2022

Kevin Smith
11 Oak Street
Charlestown, MA  02129

Re:   *Kristi A. Cozza v Kevin Smith et al*
      United States District Court Civil Action No:  21-11953-WGY

Dear Mr. Smith:

   Please be advised that in light of your recent termination from the City of Boston Police Department in part due to the allegations as alleged in the above-entitled matter, the City of Boston Law Department will not be representing you in this matter.  You should seek your own private counsel.

                              Sincerely,

                              Adam N. Cederbaum
                              Corporation Counsel

ANC/smw

Cc:   Michael Cox, Police Commissioner
      Susan M. Weise, First Assistant Corporation Counsel
      David Fredette, Legal Advisor
      Edward Whitesell, Senior Assistant Corporation Counsel