IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRONE CLARK, | Civil Action No. 1:24-cv-12389 |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| JOHN J. FARRELL, *et al*. | Leave to File Granted on February 12, 2025 |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO SUBSTITUTE AND APPOINT REPRESENTATIVES**

Plaintiff, Tyrone Clark, submits this reply in support of his motion to substitute and appoint representatives, as follows:

### INTRODUCTION

The City of Boston misconstrues Plaintiff's argument in the underlying motion. Plaintiff does not seek a determination that Boston must indemnify its employees after the case is concluded or that Plaintiff has standing to seek indemnification from the City (absent an assignment of rights). Rather, the narrow question before the Court is whether there is a mechanism through which Plaintiff can vindicate his rights under the Civil Rights Act against deceased defendants. The answer is yes.

The Civil Rights Act directs courts to find legal means to ensure that the violation of rights has a remedy. This is not – as Defendant claims – special treatment, but rather a bedrock principle of civil rights litigation. Massachusetts law provides Plaintiff an avenue to vindicate his rights here. Regardless of whether Boston ever indemnifies the deceased officers named in this matter, Plaintiff has an interest in bringing and litigating claims against the individuals who violated his civil rights.

That Boston is the *presumptive* indemnitor is enough for Plaintiff to serve Boston under Massachusetts law and to bring those claims against its employees. Boston argues that it has discretion under state law to indemnify the Defendant Officers and therefore does not qualify as an insurer or liability bondholder. But insurers and bondholders always have discretion to decide whether the outcome falls under their policies. That discretion does not insulate them from the Massachusetts laws allowing claims to be brought in the first place.

## ARGUMENT

A. **PLAINTIFF'S CLAIMS AGAINST DECEASED DEFENDANTS THROUGH DEFENDANT CITY OF BOSTON ARE PROPER**

   1. **Defendant's prior actions created a policy that it will indemnify.**

The City of Boston misunderstands Plaintiff's claim when it comes to its own policy. Plaintiff is not asking the Court to force Boston to indemnify its officers when this case is completed. Rather, Plaintiff asks the Court to recognize that Boston has a policy that it will indemnify its police officers when they violate the rights of the people of Boston. There is nothing unusual about this request. Plaintiff asks the Court to recognize at the beginning of the case that Boston's policy and/or practice to indemnify its officers for their misconduct gives Plaintiff a procedural avenue to proceed against Boston to vindicate his rights.

There is real benefit to Plaintiff from having that avenue to pursue his claims regardless of whether he ever recovers a judgment from Boston on the Officers' behalf. Plaintiff would derive great value from a jury or court finding that Defendants violated his rights. Due to the actions of Boston Police Department officers, Plaintiff served almost half a century of wrongful imprisonment, and the Commonwealth of Massachusetts falsely branded him a rapist. The opportunity to demonstrate that those officers' misconduct led to Plaintiff's wrongful conviction and decades-long imprisonment would provide Plaintiff with a tangible benefit. Congress

recognized the value of litigating such grievances in the Civil Rights Act itself, providing a remedy to vindicate rights and mandating that courts find ways to ensure that the statute's goals were met.

Plaintiff's claims would have value even if Boston ultimately were to deviate from its longtime practice of indemnification. Such outcome—a judgment with an ongoing dispute over who will pay the judgment—would not be unprecedented. Plaintiffs have successfully litigated civil rights cases only to learn that the municipality would not write a check. In *Weichel v. Town of Braintree, et al.*, Judge Talwani recognized this reality in allowing Plaintiff to serve the City of Boston for a deceased Defendant. *See* Ex. 1, at 14-16, 21-27, 35. The rationale is that there is a reasonable basis to believe that there is indemnification at the beginning of the case to allow claims against the deceased defendants, but the ultimate issue of who pays can only be made at the end of the case. *Id*.

Because Plaintiff is not asking the Court to force Boston to pay the judgment but only to receive process to begin the case, the cases cited by the City do not apply here. This is a procedural issue, not a payment issue. Accordingly, Boston's reference to *Davis v. Coakley*, 802 F.3d 128, 133 (1st Cir. 2015); *Williams v. City of Brockton*, No. 12–10430–JGD, 2013 WL 254778 (D. Mass. Jan. 23 2013); *Triplett v. Town of Oxford*, 439 Mass. 720, 726 (2003); and *Clickner v. City of Lowell*, 422 Mass. 539, 542 (1996) for the basic proposition that §9 is discretionary offers little guidance here.

Defendant claims that its policy and practice of indemnification would impose no obligation here because there are no offending parties to indemnify. Dkt. No. 21, 1. That circular reasoning does not speak to the issue at hand: whether the parties can be brought into the case in the first place, as Plaintiff seeks. The City presumes that the deceased officers cannot be party to

3

this action, but the Massachusetts law Plaintiff invokes retains the decedent as the party, who could then be indemnified as any other law enforcement has been (though this is not an issue that must be resolved now to address Plaintiff's motion). M.G.L. c. 190B, §3-803(d)(2).

Plaintiff recognizes that this Court reached a contrary conclusion in *Mazza v. City of Boston*, No. 24-CV-10333, 2024 WL 4505328 (D. Mass. Oct. 15, 2024) (as did the Court in *Lucien v. Brazil, et al.*). However, there is no established First Circuit precedent on the issue, contrary to Defendant's argument. Plaintiff anticipates that these issues will ultimately be decided by the First Circuit. In the interim, under the mandate of the Civil Rights Act, Plaintiff should be allowed to vindicate his rights through the procedural mechanism provided by Massachusetts law.

2. **Giving meaning to the mandatory language in the Collective Bargaining Agreement that Boston *will* indemnify does not violate Massachusetts law.**

Defendant City of Boston suggests that interpreting the CBA language as mandating that Boston *will* indemnify officers would somehow violate state law. Dkt. No. 21, 9-10. Defendant's specious argument relies on cases that are factually inapposite to the present action. Here, Massachusetts law affords municipalities like Boston the discretion to indemnify its employees. It is a perfectly legitimate exercise of that discretion for Boston to agree that it *will* indemnify officers in a bargaining unit.

B. **PLAINTIFF'S ALTERNATE REQUEST TO NAME ESTATES AS DEFENDANTS IS NOT FUTILE**

Again putting the cart before the horse, Defendant City of Boston claims that it would be futile for the Court to allow Plaintiff to name the estates of two defendants as parties. Defendant focuses its argument on whether Plaintiff could collect a judgment from those estates. As above, the central issue raised in the underlying motion is not whether Plaintiff could collect a judgment

4

but whether there is a procedural mechanism for Plaintiff to vindicate his rights. Plaintiff anticipates that he will be able to open estates under Massachusetts law for two of the deceased Defendants. Doing so will serve the interests of the Civil Rights Act by allowing Plaintiff to pursue claims (not judgments) against those estates.

## CONCLUSION

Plaintiff asks leave to proceed against deceased Defendants Farrell, Underwood, and Twohig through Defendant City of Boston because it has a long time policy and/or practice of indemnifying its law enforcement officers, which is further enshrined in its collective bargaining agreements. In the alternative, Plaintiff seeks leave to file an Amended Complaint naming as parties the Estates of Farrell and Twohig. Either of these mechanisms would allow Plaintiff the opportunity to pursue his claims that these parties violated his rights.

February 14, 2025

                                          RESPECTFULLY SUBMITTED,

                                          **TYRONE CLARK**

                    BY:  /s/ Mark Loevy-Reyes
                             *One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Mark Loevy-Reyes, BBO No. 707974
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116
Ph: (312) 243-5900
Fax: (312) 243-5902
mark@loevy.com

Neil D. Raphael (BBO# 650453)
nraphael@raphaelllc.com
RAPHAEL LLC

265 Franklin Street
Suite 1702
Boston, MA 02110
Tel.: 617.542.7900
Fax: 617.307.4486

**CERTIFICATE OF SERVICE**

I, Mark Loevy-Reyes, an attorney, hereby certify that on February 14, 2025, I filed the foregoing **PLAINTIFF'S REPLY OF IN SUPPORT OF MOTION TO SUBSTITUTE AND APPOINT REPRESENTATIVES** using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*