United States District Court
District of Massachusetts

Tyrone Clark,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Civil Action No.
                                       )      24-12389-NMG
John J. Farrell, et al.,               )
                                       )
            Defendants.                )
                                       )

**MEMORANDUM & ORDER**

GORTON, J.

      Plaintiff, Tyrone Clark ("plaintiff"), brings this civil

action against the City of Boston ("the City") and certain

deceased officers of the Boston Police Department ("BPD")

(collectively, "the officers") alleging that, as a result of

police misconduct, he was convicted of crimes he did not commit.

Now pending before this Court are the motion of the City to

dismiss his complaint and the motion of plaintiff to appoint

representatives for the deceased officers or, in the

alternative, for leave to amend his complaint.  For the

following reasons, that motion will be allowed, in part, and

denied, in part, and the motion to dismiss will be denied

without prejudice.

## I. Background

      In 1973, Anna Kane ("Kane") inculpated plaintiff as the

perpetrator of a rape, kidnapping and robbery.  Through a police

- 1 -

photo lineup, Kane later positively identified plaintiff, leading to plaintiff's arrest.  During their investigation of the allegations against plaintiff, certain BPD officers purportedly withheld from plaintiff evidence that was found at the crime scene, fabricated evidence to inculpate him and failed to disclose statements made by Kane that were relevant to his case.

The following year, plaintiff was convicted by a jury of rape, kidnapping and robbery and sentenced to life in prison. After serving more than 40 years of that sentence, the Massachusetts Superior Court granted plaintiff's motion for a new trial based upon the alleged mishandling of evidence by police.  The Commonwealth declined to re-prosecute the case, and plaintiff succeeded in having his convictions vacated.

In 2024, plaintiff filed suit in this Court asserting four claims for civil rights violations under 42 U.S.C. §1983 and five claims under Massachusetts state law.  The City now moves to dismiss two of those claims, and plaintiff moves to substitute the City as a representative for the officers or, in the alternative, to add the estates of the officers, all of whom died in or before 2012.

## II. <u>Motion to Appoint Representatives for Service</u>

When a plaintiff brings a personal injury claim against a deceased individual, service of process can be made on the

personal representative of the individual's estate if the action was filed within one year of the individual's death. M.G.L. c. 190B §3-803(a). After such time, any claim against the decedent can be brought only if it is filed within three years of when the action accrued and any judgment against the decedent will be "satisfied from the proceeds of a policy of liability bond or liability insurance," not from the assets of the estate itself. Id. §3-803(d)(2).[1] If that is the case, the plaintiff is entitled to name the decedent as a defendant and may complete any necessary service of process by serving it "upon the entity providing the insurance or bond." Id.

In this case, plaintiff suggests that the City should be designated as a representative of defendants under §3-803(d)(2) and that he can properly serve process on the City because it is the holder of a "liability bond" by virtue of an indemnification clause in its Collective Bargaining Agreement ("CBA") with the BPD. Under that clause, the City is obligated to indemnify BPD officers "to the extent permitted by [M.]G.L. c. 258, § 9."

This Court addressed the specific question of whether §9 indemnification creates a "liability bond" in Mazza v. City of Boston, 753 F. Supp. 3d 88 (D. Mass. 2024), reconsideration

---

[1] The parties do not dispute that plaintiff's claims under §1983 are claims for personal injury, see Pomeroy v. Ashburnham Westminster Regional Sch. Dist., 410 F. Supp. 2d 7, 12-14 & n.5 (D. Mass. 2006), and that plaintiff's case was timely brought within three years of when his claims accrued.

- 3 -

denied, No. CV 24-10333-NMG, 2025 WL 1224112 (D. Mass. Apr. 28, 2025).   In Massachusetts, two statutes govern the scope of indemnification for public employees: M.G.L. c. 258, §9, and M.G.L. c. 258, §13.   Section 13 indemnification requires that a public employer "shall indemnify" its employees from losses arising out of any claim for violations of state or federal civil rights. M.G.L. c. 258, §13 (emphasis added).   Section 9 indemnification, by contrast, provides only that municipalities "may indemnify public employees, M.G.L. c. 258, §9 (emphasis added).

It is well established, contrary to plaintiff's contention, that §9 indemnification is permissive, not mandatory. See Williams v. City of Brockton, No. CIV.A. 12-10430-JGD, 2013 WL 254778, at *8 (D. Mass. Jan. 23, 2013) (finding a clause that required "indemnification . . . as per M.G.L. c. 258, § 9" left a city with "discretion to determine whether to indemnify its officers on a case-by-case basis"); City of Bos. v. Bos. Police Patrolmen's Ass'n, Inc., 717 N.E.2d 667, 668 (Mass. App. Ct. 1999) (indicating that a clause obligating a city to indemnify officers "to the extent permitted by [M.]G.L. c. 258, § 9" would leave a city with "discretionary power to decide whether to indemnify on a case-by-case basis").

As the Court explained in Mazza, different sessions of this Court have concluded that mandatory indemnification under §13 is

a "policy of liability bond" for purposes of §3-803(d)(2). See
Rosario v. Waterhouse, No. 1:19-cv-10532-LTS, 2019 WL 4765082,
at *2 (D. Mass. Sep. 27, 2019) ("[T]he City's obligation [under
§ 13] must be understood as a policy of liability bond within
the meaning of [§ 3-803](d)(2)." (internal quotations omitted));
Cifizzari v. Town of Milford, 721 F. Supp. 3d 120, 125 (D. Mass.
Feb. 29, 2024 ("[I]ndemnification obligation under . . . § 13 is
a policy of liability bond." (internal quotations omitted)).

At least as applied to §9 indemnification, however, this
Session has found that interpretation of §3-803(d)(2) to be
inconsistent with the legal definition of "liability bond."  The
term liability bond has long been defined as a promise to pay a
victim directly for a wrongdoer's alleged harm. Mazza, 753 F.
Supp. 3d at 98 (citing In re Opinion of the Justs., 147 N.E.
681, 686 (Mass. 1925); Flaherty v. Travelers Ins. Co., 369 340
N.E.2d 888, 890 n.1 (Mass. 1976)).  Indemnification, by
contrast, creates a promise to reimburse the wrongdoer after the
victim has already brought a claim and held him responsible for
the injury, not to pay the victims themselves. Id. (citing
Rathbun v. W. Mass. Elec. Co., 479 N.E.2d 1383, 1385 (Mass.
1985); Stull v. Town of Weymouth, No. CIV.A. 11-11549-JLT, 2013
WL 5592605, at *6 (D. Mass. Oct. 9, 2013)); see Barry v. Keeler,
76 N.E.2d 158, 165 (Mass. 1947) (collecting cases).

- 5 -

Given the distinction between the accepted definitions of liability bond and indemnification, it would be inconsistent with the plain text of §3-803(d)(2) to read "liability bond" as encompassing a promise to indemnify. Id. The Court therefore reiterates, as it did in Mazza, that indemnification under §9, applicable here via the CBA between police and the City, cannot be classified as a "liability bond" for purposes of §3-803(d)(2). See id. at 99; Mazza, 2025 WL 1224112, at *4.

Notwithstanding this Court's decision in Mazza, which plaintiff neglected to cite, he rejoins that §9 indemnification creates a policy of liability bond by reference to cases such as Rosario and Cifizzari. Those cases are distinguishable, however, insofar as they interpret mandatory indemnification under §13, not permissive indemnification under §9 and, in any event, those decisions based their interpretation of §3-803 on an overbroad reading of "liability bond" and "indemnification" unmoored from their distinct meanings at common law. Cf., e.g., Twichell v. Hetzel, 64 P.2d 557, 560 (Kan. 1937) (contrasting a promise to indemnify with a "liability bond"); Gooschin v. Mercer Cas. Co., 34 P.2d 435, 436 (Wash. 1934) (same).

Plaintiff further responds that his reading §3-803(d)(2) as incorporating §9 indemnification would be consistent with both the City's past indemnification practices and the overall purposes of §3-803(d)(2) and federal civil rights law. City

- 6 -

policy and legislative intent do not, however, negate the
common-law meaning of a statutory provision. See Harbi v. Mass.
Inst. of Tech., No. CV 16-12394-FDS, 2017 WL 3841483, at *4 (D.
Mass. Sept. 1, 2017) ("A statute's purpose, however important or
laudable, cannot overcome its actual language.").

　　Although plaintiff also asserts that the use of the term
"will" in the CBA makes indemnification mandatory, such an
interpretation would render the phrase "to the extent permitted
by M.G.L. c. 258, § 9" mere surplusage.  If the City had wanted
to adopt mandatory indemnification, it could have done so by
referring to mandatory indemnification under §13.  As it is, the
CBA imposes discretionary indemnification and any assertion that
the City has exercised that discretion in some cases does not
alter the meaning of that contractual term.

　　Finally, in his reply brief, plaintiff suggests that,
because the First Circuit has not yet addressed that issue, the
Court should disregard its holding in Mazza.  This Court
declines to ignore its own precedent.  Because this Court first
held in Mazza that §9 indemnification is not a liability bond
under §3-803, other sessions have followed suit. See e.g.,
Lucien v. Brazil, 1:24-cv-11341-RGS, Docket Nos. 62 and 77 (D.
Mass. 2024); Pope v. City of Boston, 1:24-cv-10980-DJC, Docket
No. 70 (D. Mass. 2025); see also Weichel v. Town of Braintree,
No. 1:20-CV-11456-IT, 2025 WL 863598, at *6 (D. Mass. Mar. 18,

2025). The Court will once again adopt the applicable rule and, accordingly, plaintiff's request to appoint the City as a representative for the officers will be denied.

## III.  Motion to Amend

In the alternative, plaintiff moves for leave to amend his complaint to name two of the officers, John Farrell and Edward Twohig, as defendants. Although it is unclear how he expects to accomplish it, plaintiff has expressed an intent to name those officers as defendants and bring claims against them.

When a party seeks leave to amend its pleading, courts will "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(3). The First Circuit has recognized that the amendment standard does not impose a "high hurdle" on the moving party. Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013). Leave to amend should be denied, however, if it is a result of "undue delay, bad faith . . . [or] the absence of due diligence on the movant's part" or if amendment would result in "undue prejudice to the opposing party." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend will also be denied if it would be "futile" such that the amended complaint would nevertheless fail to state a claim upon which relief can be granted. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In essence, consideration of a motion to amend

requires a court to examine the "totality of the circumstances" and exercise its broad discretion. Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

The City contends that amendment in this case would be futile because plaintiff will neither be able to serve process on, nor ultimately recover from, the deceased officers. Under M.G.L. c. 190B, §3-803, as explained above, a plaintiff is generally barred from serving process on or seeking relief from a decedent's estate more than one year after his death and plaintiff concedes that all of the officers have been long since deceased. M.G.L. c. 190B § 3-803(a). Beyond one year, a plaintiff can still seek to recover against a decedent by naming him as a defendant but only if any recovery against him will be obtained from a "liability bond or liability insurance," not from the estate itself. Id. §3-803(d)(2).

For the reasons articulated above, contrary to plaintiff's contention, the City is not the holder of a liability bond or liability insurance on behalf of the officers and, therefore, plaintiff cannot properly name the officers as defendants by serving the City. Nevertheless, plaintiff intends to name the officers as defendants and "anticipates" that some other entity will be found available to act as representative consistent with §3-803(d)(2).

At this juncture, the Court will exercise its broad discretion to allow plaintiff leave to amend his complaint based upon his proffer. Cf. Mazza, 753 F. Supp. 3d at 99 (denying extension time to complete service where the plaintiff did not indicate a belief that any "other entity available" existed upon which to serve process or ultimately recover under §3-803(d)(2)). At such an early stage of litigation, plaintiff faces a minimal burden for leave to amend. See Calderón-Serra, 715 F.3d at 19. Moreover, if plaintiff is successful in adding the officers as defendants, there is a greater chance that he can obtain complete relief.

In light of the allowance of plaintiff's request to amend, the City's motion to dismiss will be denied without prejudice. Accord Fisher v. Town of Orange, 885 F. Supp. 2d 468, 473 (D. Mass. 2012) (indicating the Court denied a motion to dismiss without prejudice after allowing a plaintiff leave to amend).

## ORDER

For the foregoing reasons:

1) the motion of plaintiff (Docket No. 19) is, with respect to his request to appoint and substitute representatives, **DENIED**, but is, with respect to his request for leave to file an amended complaint, **ALLOWED**.

2) Plaintiff is directed to file an amended complaint on or before Monday, September 15, 2025.

3) The motion of defendant, the City of Boston, to dismiss (Docket No. 7) is **DENIED without prejudice** to its refiling such a motion after plaintiff files his amended complaint.

**So ordered.**


_Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge


Dated:  August 15, 2025

- 11 -