United States District Court
District of Massachusetts

```
                                    )
Tyrone Clark,                       )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil Action No.
                                    )    24-12389-NMG
John J. Farrell, et al.,            )
                                    )
          Defendants.               )
                                    )
```

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Tyrone Clark ("plaintiff" or "Clark") has filed a nine-count amended complaint alleging that John J. Farrell ("Farrell"), Edward Twohig ("Twohig"), John Underwood ("Underwood") (collectively, "the defendant officers") and the City of Boston ("the City") (collectively, "the defendants") violated 42 U.S.C. §1983 ("Section 1983") and Massachusetts state law. The City has filed a motion to dismiss for failure to state a claim (Docket No. 29). For the reasons that follow, that motion will be allowed, in part, and denied, in part.

## I.   Background

In June, 1973, Anne Kane ("Kane") was attacked and raped in her Boston apartment. After reporting the attack to the police, she was shown hundreds of mugshots, including one of Clark but did not identify him as the attacker. The defendant officers

- 1 -

recovered a pair of men's socks and the handle of a knife from the crime scene. No other physical evidence was preserved.

After an alleged confidential informant inculpated Clark during questioning, Kane was again shown a photo array that included a photograph of Clark. Kane ultimately identified him as the culprit despite his appearance differing from her initial description of her attacker. The defendant officers arrested Clark and then conducted an allegedly suggestive show-up identification procedure during which Kane identified him.

Plaintiff was convicted by a jury of rape, kidnapping and robbery and sentenced to life in prison. Throughout his time incarcerated, plaintiff maintained his innocence and alleged that the defendant officers destroyed exculpatory evidence from the crime scene and used suggestive identification procedures. In November, 2021, the Massachusetts Superior Court granted plaintiff's third motion for a new trial after finding that the police mishandled evidence during the investigation. The Commonwealth declined to re-prosecute the plaintiff, and he succeeded in having his convictions vacated.

## II.  **Legal Standard**

To survive a motion to dismiss, a complaint must allege sufficient facts, taken as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible if, after accepting as true

all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.  In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

### III. Analysis

#### A. Monell Claim

A municipality may be held directly liable for constitutional torts under §1983 if it deprives a person of rights through deliberate conduct. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).  Here, Clark alleges that the City directly violated his rights by virtue of 1) unconstitutional policies or customs, 2) a failure to train, supervise and discipline police officers and 3) a failure to implement needed policies.  The three theories require independent analyses.

To state a Monell claim under the first theory, a plaintiff must identify an unconstitutional policy or custom that was the moving force behind his alleged injury. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-05 (1997).  For a custom to be attributable to the municipality, it must be so widespread that policy-making officials knew or should have

- 3 -

known of the practice yet did nothing to stop it. Baron v. Suffolk Cnty. Sheriff's Dep't, 402 F.3d 225, 236-37 (1st Cir. 2005). A pattern of similar constitutional violations may lend plausibility to the existence of such a custom. See Haley v. City of Bos., 657 F.3d 39, 53 (1st Cir. 2011).

To state a Monell claim based upon a failure-to-train theory, a plaintiff must demonstrate that the municipal decision-makers knew or should have known that training was inadequate but were deliberately indifferent to the unconstitutional effects of such inadequacies. Haley, 657 F.3d at 52. Deliberate indifference is typically shown through a pattern of similar constitutional violations. Gray v. Cummings, 917 F.3d 1, 14 (1st Cir. 2019).

Finally, to state an insufficient policy claim, a plaintiff must demonstrate that his injury would have been avoided if adequate policies had been in place. See Caldwell v. Cambra, 802 F. Supp. 3d 8, 46 (D. Mass. 2025) (adopting the same causation requirement as failure to train claims to insufficient policy claims).

Here, plaintiff alleges that the defendant officers violated his constitutional rights by withholding the victim's statement that her attacker looked different than Clark and failing to preserve potentially exonerating physical evidence from the crime scene. Clark avers that those actions were

- 4 -

caused by the City's unwritten policy not to investigate or disclose exculpatory evidence to a suspect which was contrary to the policy of the Suffolk County District Attorney to disclose all known exculpatory evidence to the accused.  He further alleges that the City failed to implement appropriate policies and to train police officers on, inter alia, the introduction of false evidence from confidential informants and the withholding of exculpatory evidence.  Lastly, he argues that the City knew such misconduct routinely resulted in civil rights violations but failed to act, thereby demonstrating deliberate indifference to the harm caused, i.e., his conviction.

The allegations in this case are sufficient to state a Monell claim based upon all three theories.  Clark has sufficiently alleged that the defendant officers' misconduct was undertaken pursuant to an unconstitutional custom and that, despite being aware of that custom and its obvious constitutional ramifications, the City failed to implement any policy or training to prevent or remedy it.  Advancing such claims is consistent with similar cases brought against the City in the First Circuit. See, e.g., Haley, 657 F.3d at 52 (determining valid Monell claim based on claim that police withheld "statements . . . pursuant to a standing [Boston Police Department] policy, under which . . . officers regularly kept

- 5 -

helpful evidence from criminal defendants," and which caused a "wrongful conviction").

### B. Issue Preclusion

In Massachusetts, the doctrine of issue preclusion provides that when an issue has actually been litigated and was essential to a valid and final judgment, that determination is conclusive in a subsequent action between the parties. Jarosz v. Palmer, 436 Mass. 526, 531 (2002). Defendant contends that plaintiff is collaterally estopped from litigating any claim regarding the City's alleged failure to prevent unduly suggestive identification techniques because those allegations were previously raised, litigated and rejected in plaintiff's motions for a new trial in state court.

The Court is unpersuaded. The City has failed to demonstrate that the issue decided in the state court proceeding is identical to the issue currently before this Court, namely, whether the City, by custom and inaction, violated the plaintiff's constitutional rights. Indeed, it appears that the state court matter pertained to Massachusetts state law and did not involve the constitutionality of customs or policies of the City. As such, the City has not met its burden of proving that issue preclusion applies.

## C. Negligence

Finally, plaintiff alleges a state law claim of negligence against the City.  Pursuant to the Massachusetts Tort Claims Act ("MTCA"), a plaintiff seeking to bring a civil action against a municipality must present the claim to the defendant in writing within two years after the date the cause of action accrued. Haley, 657 F.3d at 54.  The suit must then be filed within three years after the date of accrual. Id.  In Massachusetts, the accrual date for a state tort claim is either the date of the alleged injury or the date the plaintiff discovered or should have discovered the injury. Id.

Here, plaintiff presented his state law claims to the defendants on March 15, 2024.  At the latest, plaintiff should have known about his constitutional injury when he filed his third motion for a new trial in July, 2021, over two years before presenting his claims.  Plaintiff argues that the presentment period should have been tolled until August, 2023, at which time all his convictions had been vacated and all proceedings against him had been terminated.  As plaintiff himself acknowledges, however, the First Circuit Court of Appeals has declined to adopt that argument. Haley, 657 F.3d at 54-55.  As such, plaintiff does not satisfy the presentment requirements of the MTCA and Count VII against the City will be dismissed accordingly.

## ORDER

For the foregoing reasons, the City's motion to dismiss (Docket No. 29) is allowed as to Count VII and denied on as to all other counts.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated:  July 2, 2026