United States District Court
District of Massachusetts

| | | |
|---|---|---|
| Tyrone Clark,<br>Plaintiff,<br>v.<br>John J. Farrell, et al.,<br>Defendants. | ) | Civil Action No.<br>24-12389-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Tyrone Clark ("plaintiff" or "Clark") served nearly four decades in prison after being convicted in the Massachusetts Superior Court for rape, kidnapping and robbery. In 2021 the rape conviction was vacated, followed by vacatur of the kidnapping and robbery convictions in 2023. Clark initiated the instant lawsuit against the City of Boston and the estates of several Boston Police Officers, including John Farrell ("Farrell"), alleging violations of 42 U.S.C. §1983 ("Section 1983") and Massachusetts state law. The estate of defendant Farrell now moves to dismiss the complaint, contending that the claim against him is foreclosed by the applicable statute of limitations. For the reasons that follow, that motion will be allowed.

## I. **Discussion**

Defendant avers that plaintiff's claim is time-barred. Massachusetts state law allows plaintiffs to bring an action against the personal representative of an estate if the action is commenced within one year of the death of the decedent. M.G.L. c. 190B §3-803(a). There is, however, an exception to that general rule. Subsection (d)(2) provides that claims sounding in personal injury may be brought against the personal representative so long as the action is commenced within three years after the cause of action accrues and any judgment recovered is only to be satisfied from the proceeds of a policy of liability bond or liability insurance. Id. §3-803(d)(2).

Plaintiff argues that his claim against Farrell's estate falls within that exception. Because Clark cannot, however, show that any recovery will be satisfied from the proceeds of a policy of liability bond or liability insurance, the Court disagrees. As previously held by the Court, the Collective Bargaining Agreement between Farrell and the Boston Police Department is not a liability bond for purposes of §3-803(d)(2), and plaintiff has not identified any other potential liability bondholder or insurer.

Notwithstanding the foregoing, plaintiff contends that he should be allowed to "pursue discovery to identify any possible insurer or liability bondholder." That contention is

unavailing. Echavarria v. Roach, the one case plaintiff cites in support of his argument, is inapposite. In that case, the court had not already concluded that the City had no obligation to indemnify police officers and, in any event, it does not involve §3-803(d)(2) or claims against deceased officers. 2017 WL 3928270 (D. Mass. Sept. 7, 2017). In sum, plaintiff has failed to show his claim is not time-barred.

**ORDER**

For the foregoing reasons, the motion to dismiss by the Estate of John Farrell (Docket No. 35) is **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton

Nathaniel M. Gorton
Senior United States District Judge

Dated: August 17, 2026